CDF LABOR LAW LLP
   Todd R. Wulffson, State Bar No. 150377
   twulffson@cdflaborlaw.com
   Kimberly M. Jansen, State Bar No. 243216
   kjansen@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661

Attorneys for Defendant
MARATHON PATENT GROUP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HO, an individual, | Case No. 5:21-cv-339 |
| Plaintiff, | (Removal from Riverside Superior Court Case No. CVRI2100078) |
| vs. | |
| MARATHON PATENT GROUP, INC., a Nevada corporation; and DOES 1-10, | **DEFENDANT MARATHON PATENT GROUP, INC.'S NOTICE AND PETITION OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, and 1446** |
| Defendant. | |
| | Action Filed: January 14, 2021 |

# TABLE OF CONTENTS

**Page**

STATE COURT ACTION ............................................................................................ 4

REMOVAL IS TIMELY .............................................................................................. 5

COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES ........................... 5

THE JURISDICTIONAL MINIMUM IS SATISFIED .............................................. 7

    A.    Plaintiff Seeks The Recovery Of More Than $30,000,000 In His Civil Complaint ................................................................................ 7

SATISFACTION OF THE REQUIREMENTS OF 28 U.S.C. 1446 ........................ 8

ALL NAMED DEFENDANTS WHO HAVE BEEN SERVED .............................. 9

CONSENT TO REMOVAL ........................................................................................ 9

RELIEF REQUESTED ................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) .................................................................................................. 8

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, fn. 1 (9th Cir. 1988) ........................ 9

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ................................................ 6

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ......................... 6

*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ............... 6

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) ....................................................................................................... 8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ........................................................................................................................... 5

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) .......................... 7

*Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................................................................ 8

*Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029 (N.D. Cal. 2002) .............................. 8

*Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997) ............................................................................................................................ 7

**Statutes**

28 U.S.C § 1332(c)(1) ................................................................................................ 6

28 U.S.C § 1446(b)(1) ............................................................................................... 5

28 U.S.C. § 1332 ........................................................................................................ 9

28 U.S.C. § 1332(a) ................................................................................................... 7

28 U.S.C. § 1441(a) ................................................................................................... 7

28 U.S.C. § 1441(b) ................................................................................................... 9

28 U.S.C. § 1446(b) ................................................................................................... 9

28 U.S.C. § 1446(d) ................................................................................................... 9

United States Code, Title 28, Section 1446(a) .......................................................... 8

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant MARATHON PATENT GROUP, INC. ("Defendant"), by and through its counsel of record, hereby removes this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California, Eastern Division. The Notice is made pursuant to 28 U.S.C. §§ 1332 and 1441(b) on the grounds that there is complete diversity of citizenship between Plaintiff Michael Ho ("Plaintiff"), a resident of Dubai, and Defendant Marathon Patent Group, Inc., a corporation incorporated in the State of Nevada; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and that the foregoing facts were true at the time the Complaint in this action was filed (and are alleged on the face of the Complaint) and remain true as of the date of filling this Notice of Removal.

## STATE COURT ACTION

1. On or about January 14, 2021, Plaintiff Michael Ho commenced a civil action by filing a Complaint in the Superior Court of the State of California for the County of Riverside ("State Court") entitled *Michael Ho v. Marathon Patent Group, Inc.*, Case No. CVRI 2100078 ("State Court Action"). True and correct copies of the Summons and Complaint are included in Exhibit A to this Notice. (*See* Declaration of Kimberly M. Jansen filed concurrently herewith ("Jansen Decl.") at ¶ 2.) In the Complaint, Plaintiff alleges claims for: (1) Breach of Written Contract; (2) Breach of Implied Contract; (3) Quasi-Contract; (4) Services Rendered; (5) Intentional Interference with Prospective Economic Relations; and (6) Negligent Interference with Prospective Economic Relations. (*See generally*, Ex. A, Plt.'s Complt.) For each claim alleged in the Complaint, Plaintiff seeks the recovery of $30,000,000.00. Specifically, Plaintiff alleges that "[a]s a direct and proximate result of Defendants'

1  actions, Ho has been damaged in an amount to be proven at trial, but in excess of
2  $30,000,000." (*See* Ex. A, Plt.'s Complt., ¶¶ 10, 15, 20 and pp. 7-8 (the "Prayer"
3  paragraph)).

4      2.    On January 26, 2021, Plaintiff served on Defendant, by way of service
5  of process on Defendant's Las Vegas office, the Summons; Complaint for Breach of
6  Contract/Warranted; Certificate of Counsel; Civil Cover Sheet; the Notice of Case
7  Management Conference and Notice of Department Assignment.  These documents
8  are included in Exhibit "A" to the Notice.  *See also* Okamoto Decl., ¶ 3.

9      3.    On February 22, 2021, Defendant timely filed and served its Answer to
10 Plaintiff's Complaint in the Superior Court of the State of California for the County
11 of Los Riverside.  A true and correct copy of Defendant's Answer is attached hereto
12 as Exhibit "B".  (Jansen Decl., ¶ 4.)

13     4.    The documents attached hereto as Exhibit "A" and "B" constitute all
14 process, pleadings, and orders received by, served on, or filed by Defendants in the
15 Superior Court Action.

16 **REMOVAL IS TIMELY**

17     5.    A defendant in a civil action has thirty (30) days from the date it is
18 validly served with a summons and complaint to remove the action to federal court.
19 28 U.S.C § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.
20 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger the removal
21 period).

22     6.    Here, removal is timely because Defendant is filing this Notice within
23 thirty (30) days after it was served with the Summons and Complaint on January 26,
24 2021.

25 **COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

26     7.    This timely Notice is based on complete diversity of the parties.
27 Plaintiff is a resident of Dubai, and Defendant is a corporation incorporated in the
28 State of Nevada.

8. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place that he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9. Plaintiff was, at the time of the filing of this action, and still is a citizen of Dubai because a preponderance of the evidence demonstrates that he resides in and intends to remain in Dubai. Plaintiff sets forth in his Complaint that, "Plaintiff Michael Ho is a resident of Dubai" (*See* Ex. A, Plt.'s Complt., ¶ 1.)

10. Defendant Marathon Patent Group, Inc. was at the time Plaintiff's Complaint was filed, and still is incorporated in the State of Nevada. (Okamoto Decl., ¶ 2.)

11. The Supreme Court established the proper test for determining a corporation's principal place of business for the purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The *Hertz* Court held that the "principal place of business refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. The *Hertz* Court further clarified that the principal place of business was the place where the corporation "maintains it headquarters – provided that the headquarters is the actual center of direct, control and coordination." *Id*.

12. As of the time of the filing of Plaintiff's Complaint on or about January 26, 2021, Defendant's corporate headquarters and principal place of business, where Defendant's business operations are directed, controlled, and coordinated was, and still is, located at 1180 North Town Center Dr. Ste 100, Las Vegas, Nevada 89144. (Okamoto Decl., ¶ 2.)

13. For diversity purposes, a corporation is a citizen of both the state of its incorporation and the state in which it has its principal place of business. 28 U.S.C § 1332(c)(1). Accordingly, Defendant is, and was at the time of the filing of

Plaintiff's Complaint, a citizen of Nevada given that Defendant is incorporated in, and has its principal place of business in, the State of Nevada.

14. For the purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Inclusion of "Doe" defendants in a state court complaint has no effect on whether the matter may be removed. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

15. Therefore, complete diversity among the parties exists now, and at the time of the filing of Plaintiff's Complaint, on or about April 28, 2020.

## THE JURISDICTIONAL MINIMUM IS SATISFIED

**A. Plaintiff Seeks The Recovery Of More Than $30,000,000 In His Civil Complaint.**

16. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000 exclusive of interest and costs, was satisfied at the time of Plaintiff's filing of the Complaint, and remains satisfied as set forth in the below sections. 28 U.S.C. § 1332(a). Defendant discusses Plaintiff's allegations herein solely for the purposes of demonstrating that the amount in controversy in this matter exceeds $75,000. In doing do, Defendant does not admit liability or that Plaintiff is entitled to any amount of these damages or the Plaintiff will be able to recover anything on his allegations and/or theories of recovery. Indeed, Defendant specifically denies that it is liable to Plaintiff or that Plaintiff has been damaged in any sum, or at all, by reason of any acts or omissions on the part of Defendant or its respective officers, directors, employees or agents.

17. Where, as here, the Complaint seeks an unspecified amount of damages, the removing Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). To determine whether the lawsuit meets this jurisdictional minimum, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all

claims made in the complaint." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). Although Defendant established herein by a preponderance of the evidence that the amount in controversy exceeds $75,000, Defendant disputes that Plaintiff will prevail on any of his claims or that he is entitled to any damages in this action.

18. A defendant's burden to establish the jurisdictional minimum is "easily met" if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000. *Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993 (C.D. Cal. 2002); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (finding it facially apparent from the complaint that the amount in controversy exceeded $75,000 where plaintiff alleged compensatory, punitive, and emotional distress damages plus injunctive relief and attorneys' fees). In short, a defendant must show only that it is "more likely than not" that the amount in controversy exceeds the statutory minimum, and summary-judgment-type evidence may be used to substantiate this showing of "more likely than not." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

19. Here, it is facially apparent that Plaintiff seeks damages in excess of $75,000. In his Complaint, Plaintiff seeks monetary damages of $30,000,000 for each of the six causes of action asserted or upwards of $180,000,000 for all claims alleged. Clearly, Plaintiff's amount in controversy exceeds the threshold required for this Court to determine that diversity jurisdiction exists under 28 U.S.C. § 1332(a).

## SATISFACTION OF THE REQUIREMENTS OF 28 U.S.C. 1446

20. In accordance with United States Code, Title 28, Section 1446(a), Exhibit A constitutes a copy of all processes, pleading, and orders served upon Defendant in the State Court Action.

///
///

21. As required by 28 U.S.C. § 1446(b), the Notice and Petition of Removal was filed within 30 days after Defendant was first served with a copy of Plaintiff's Complaint.

22. As required by 28 U.S.C. § 1446(d), Defendant will serve upon Plaintiff (via Plaintiff's counsel of record) by mail the Notice and Petition of Removal.

23. As required by 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal is being promptly filed with the Clerk of the Superior Court of the State of California for the County of Riverside.

## ALL NAMED DEFENDANTS WHO HAVE BEEN SERVED CONSENT TO REMOVAL

24. Unnamed, or doe defendants, are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, fn. 1 (9th Cir. 1988). Accordingly, Doe Defendants 1-10 are not required to join in this removal.

25. As of the filing of this Notice and Petition of Removal, the only named defendant, Marathon Patent Group, Inc., has been served with Plaintiff's Complaint and brings this instant Notice and Petition of Removal.

26. Venue is proper in this Court, given that this is the Court for the district and division embracing the place where that action is pending in state court (the County of Riverside).

## RELIEF REQUESTED

27. Based on the foregoing, diversity jurisdiction exists pursuant to 28 U.S.C. section 1332. Accordingly, Defendant desires and is entitled to have this matter removed from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California, Western Division pursuant to the provisions of 28 U.S.C. section 1441(b).

28. By filing this Notice and Petition of Removal, Defendant does not concede that Plaintiff is entitled to any of the damages pled, including those damages

referenced herein.  To the contrary, the damages referenced herein are those which are alleged in connection with Plaintiff's Complaint.

29. By filing this Notice and Petition of Removal, Defendant has not and does not waive any defenses it might assert or its right to bring any application anywhere in relation to this litigation or its subject matter.

30. Defendant reserves the right to provide additional/supplemental evidence regarding the amount in controversy.

WHEREFORE, Defendant prays that the above-captioned action now pending against it in the Superior Court of the State of California, County of Riverside, be removed to this Court on the basis of diversity jurisdiction and this Court accept jurisdiction of this action in its entirety and henceforth that this action be placed on the docket for the Court for further proceedings, the same as though this action originally had been instituted in this Court.

Dated:  February 25, 2021        CDF LABOR LAW LLP

By: _____
Kimberly M. Jansen
Attorneys for Defendant
MARATHON PATENT GROUP, INC.