# Exhibit "A"

**ORIGINAL**

REC'D JAN 14 2021

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MARATHON PATENT GROUP, INC., a Nevada corporation; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL HO, an individual



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 14 2021

L. VILLANUEVA

SA,1
JAN 20 2021 R

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Riverside Historic Courthouse
*(El nombre y dirección de la corte es):*
4050 Main Street, Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):*
**CVRI 2100078**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregg Zucker, Foundation Law Group, 2049 Century Park East, Suite 2460, LA, CA 90067, 310.403.9227

DATE: JAN 14 2021     Clerk, by  L. Villanueva   , Deputy
*(Fecha)*              *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A - Page 11

ORIGINAL

GREGG D. ZUCKER, SBN 166692
**FOUNDATION LAW GROUP LLP**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: 310.979.7561

Attorneys for Plaintiff Michael Ho

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 1 4 2021
L. VILLANUEVA

SA,1
JAN 2 0 2021

FILED BY FAX

REC'D JAN 14 2021

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

MICHAEL HO, an individual

Plaintiff,

v.

MARATHON PATENT GROUP, INC.,
a Nevada corporation; and DOES 1-10

Defendants.

CASE NO. **CVRI** 2100078

COMPLAINT FOR DAMAGES AND RESTITUTION

COMPLAINT

## BACKGROUND AND PARTIES

1. Plaintiff Michael Ho ("HO") is a resident of Dubai.

2. HO is informed and believes that Defendant Marathon Patent Group, Inc. ("MARA") is, and at all times herein relevant was, a Nevada corporation.

3. HO is unaware of the true names and capacities of Defendants DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, and therefore sues said Defendants under such fictitious names. HO is informed and believes, and thereon alleges, that each of the defendants named herein as a Doe is legally responsible for the acts, occurrences and events alleged herein. HO will amend this complaint to insert the true names and capacities of said Doe defendants when that information has been ascertained. MARA and DOES 1-10 are hereafter referred to as "Defendants".

4. In or about early 2020, HO obtained information that an electricity producer, Beowulf Energy, had available, unused capacity. HO developed that information, including by obtaining pricing for Beowulf's provision of electricity, which HO determined would be favorable to certain companies that used the electricity, including MARA.

5. In 2020, HO communicated with Merrick Okamoto, the Chairman and Chief Executive Officer of MARA in Riverside County, California. HO explained to Mr. Okamoto that HO had information concerning a proposed transaction that would be favorable to MARA involving an electricity producer with available capacity.

6. Before communicating specific information to MARA, including the identity of the electricity producer, HO insisted on a contract with MARA that would prevent MARA from circumventing HO and that would secure the profits that HO expected to obtain from MARA's use of the information and consummation of a transaction with the available energy producer.

7. MARA and HO accepted the terms of the contract, which was in writing, or in the alternative, implied by the conduct of the parties or implied in law. The material terms of the contract included the following:

-1-

COMPLAINT

(a) MARA agreed that Ho "has disclosed or may disclose information" to MARA including "technical, business, financial and product development plans, forecasts, strategies and information ('Proprietary Information')."

(b) MARA agreed "(i) to hold [HO]'s Proprietary Information in confidence and to take all necessary precautions to protect such Proprietary Information including, without limitation, all precautions [MARA] employs with respect to its own confidential materials, (ii) not to divulge any such Proprietary Information or any information derived therefrom to any third person, (iii) not to make any use of such Proprietary Information, except for the below stated purpose, and (iv) not to copy or reverse engineer, or attempt to derive the composition or underlying information of any such Proprietary Information."

(c) MARA agreed that it would not use the Proprietary Information except for "[o]pportunities relating around cryptocurrency mining, data centers, and sourcing of sites with energy for the purpose of utilizing for data center usage or cryptocurrency mining."

(d) MARA agreed that during the term of the agreement "neither party shall attempt to do business with, or otherwise solicit any business contacts found or otherwise referred by [HO] to [MARA] for the purpose of circumventing, the result of which shall be to prevent [HO] from realizing or recognizing a profit, fees or otherwise, without the specific written approval of [HO]. If such circumvention shall occur [HO] shall be entitled to any commissions due pursuant to this Agreement or relating to such transaction."

(e) The parties agreed that the "obligations of non-use and non-disclosure shall survive for a period of 3 years from the date of disclosure of the Proprietary Information."

-2-

COMPLAINT

EXHIBIT A - Page 14

    (f)   The parties agreed that the "Agreement shall be governed by the laws of the State of California and may be enforced in any court in California."

8.   After entering into the contract with MARA, HO transmitted the information to MARA through Mr. Okamoto. Shortly thereafter, MARA (a) refused to communicate in a meaningful manner with HO, (b) entered into a transaction with Beowulf involving Beowulf's available energy without compensating HO and (c) breached the contract by circumventing HO, by cutting him out of the profits he expected and had a right to obtain, and by misusing the information for MARA's own benefit. MARA's transaction with Beowulf Energy inured to the great benefit of MARA.

9.   Because MARA purchased most or all of the available energy Beowulf had, MARA prevented HO from benefiting from his Proprietary Information with others. By circumventing HO, MARA's actions were a substantial factor in HO's losses.

10.   As a direct and proximate result of Defendants' actions, HO has been damaged in an amount to be proven at trial, but in excess of $30,000,000.

## FIRST CAUSE OF ACTION

(Breach of Written Contract – Against MARA)

11.   HO realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

12.   HO and MARA entered into a written contract, the material terms of which are alleged above in paragraph 7. The legal effect of the written contract was that MARA agreed not to use the Proprietary Information without HO's authorization, which terms prevented MARA from circumventing HO and failing to compensate HO substantially for said use.

13.   HO satisfactorily performed all aspects of his obligations and conditions, and to the extent HO did not perform any specific act, HO's performance was excused by MARA's own acts and omissions, including in refusing to communicate in a meaningful manner with HO shortly after HO conveyed information about Beowulf and a potential transaction.

14. MARA breached its contractual obligations to HO by, among other things, circumventing HO and using information supplied by HO without his authorization by entering into a transaction with Beowulf, all without compensating HO.

15. As a direct and proximate result of MARA's breach of contract, HO has been damaged in an amount to be proven at trial, but in excess of $30,000,000.

## SECOND CAUSE OF ACTION

(Breach of Implied Contract – Against MARA)

16. HO realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

17. In the alternative, HO and MARA entered into an implied contract. The conduct of both parties was intentional, and the conduct of the parties, interpreted in the light of the subject-matter and of the surrounding circumstances, including HO's solicitation of MARA and treatment of the Proprietary Information as confidential, caused MARA to know, and have reason to know, that HO tendered the Proprietary Information for a price should it be used. MARA's voluntary and consensual acceptance thereof created an implied contract to pay for its use. The material terms of the implied contract include those alleged above in paragraph 7, and the legal effect thereof was that MARA agreed not to use the Proprietary Information without HO's authorization, which terms prevented MARA from circumventing HO and failing to compensate HO substantially for said use.

18. HO satisfactorily performed all aspects of his obligations and conditions, and to the extent HO did not perform any specific act, HO's performance was excused by MARA's own acts and omissions, including in refusing to communicate with HO in a meaningful manner shortly after HO conveyed information about Beowulf and a potential transaction.

19. MARA breached its contractual obligations to HO by, among other things, circumventing HO and using information supplied by HO without his authorization in entering into a transaction with Beowulf, all without compensating HO.

20. As a direct and proximate result of MARA's breach of contract, HO has been damaged in an amount to be proven at trial, but in excess of $30,000,000.

-4-

COMPLAINT

### THIRD CAUSE OF ACTION

(Quasi-Contract – Against MARA)

21. HO realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

22. In the alternative, a quasi-contract arose. MARA knowingly accepted and used the Proprietary Information, and received monetary and other benefits therefrom, which under the circumstances, makes it inequitable for MARA to retain without making restitution to HO. As a matter of justice and equity, MARA cannot be permitted to retain these benefits without compensating Ho substantially for said use.

### FOURTH CAUSE OF ACTION

(Services Rendered – Against MARA)

23. HO realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

24. In the alternative, MARA has become indebted to HO for services performed at MARA's behest, which were intended to and actually did benefit MARA substantially, and MARA has unjustly retained those benefits.

### FIFTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Relations – Against All Defendants)

25. HO realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

26. As a result of HO's dealings with Beowulf for its finite amount of available energy, Beowulf's willingness to sell the same, and HO's ability to capitalize on that sale for HO's own benefit, HO enjoyed a prospective economic advantage in connection with Beowulf.

27. Defendants, and each of them, knew of HO's prospective economic advantage and HO's relationship with Beowulf. After the agreement between MARA and HO was signed and under the circumstances alleged above, HO disclosed to Defendants, in

confidence, HO's prospective economic advantage with Beowulf.

28. Defendants engaged in wrongful conduct by (a) breaching said confidence and the agreement with HO alleged above and (b) further soliciting, negotiating and ultimately causing MARA to enter into a transaction with Beowulf to purchase its available energy, all while circumventing HO.

29. By engaging in this conduct, Defendants intended to disrupt HO's prospective economic advantage with Beowulf, or at least, Defendants knew that disruption was substantially certain to occur.

30. HO's prospective economic advantage was in fact disrupted because MARA purchased Beowulf's remaining energy available, without compensation to HO, thus foreclosing HO's ability to enjoy his prospective economic advantage.

31. HO was harmed by Defendants' conduct, and their conduct was a substantial factor in causing HO's harm.

32. The actions complained of herein were done by Defendants, and each of them, maliciously and oppressively, intending to damage HO for Defendants' own benefit. HO is entitled to an award of punitive damages to be established by proof at trial.

### SIXTH CAUSE OF ACTION

(Negligent Interference with Prospective Economic Relations – Against All Defendants)

33. HO realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

34. As a result of HO's dealings with Beowulf for its finite amount of available energy, Beowulf's willingness to sell the same, and HO's ability to capitalize on that sale for HO's own benefit, HO enjoyed a prospective economic advantage with Beowulf.

35. Defendants, and each of them, knew of HO's prospective economic advantage and HO's relationship with Beowulf. After the agreement between MARA and HO was signed and under the circumstances alleged above, HO disclosed to Defendants, in confidence, HO's prospective economic advantage with Beowulf.

-6-

COMPLAINT

36. Defendants, and each of them, owed HO a duty to act with reasonable care, failed to act with reasonable care, and engaged in wrongful conduct. This wrongful conduct included (a) breaching said confidence and the agreement(s) alleged above and (b) further soliciting, negotiating and ultimately causing MARA to enter into a transaction with Beowulf to purchase most or all its available energy, all while circumventing HO.

37. By engaging in this conduct, Defendants negligently disrupted HO's prospective economic advantage with Beowulf.

38. HO's prospective economic advantage was in fact disrupted because MARA purchased most if not all of Beowulf's remaining energy available, without compensation to HO, thus foreclosing HO's ability to enjoy his prospective economic advantage.

39. HO was harmed by Defendants' conduct, and their conduct was a substantial factor in causing HO's harm.

**PRAYER FOR RELIEF**

WHEREFORE, HO prays for judgment against as follows:

<u>On the First, Second and Fourth Causes of Action against MARA</u>:

1. For damages and/or restitution according to proof at trial of at least $30,000,000;
2. For costs of suit;
3. For such other and further relief as the Court may deem just and proper;

<u>On the Third Cause of Action against MARA</u>:

1. For restitution and disgorgement of unjust enrichment, amounting to at least $30,000,000.
2. For costs of suit;
3. For such other and further relief as the Court may deem just and proper;

On the Fifth Cause of Action against Defendants:

1. For damages, restitution and disgorgement of the amount by which Defendants were unjustly enriched, amounting to at least $30,000,000;
2. For punitive damages;
3. For costs of suit;
4. For such other and further relief as the Court may deem just and proper;

On the Sixth Cause of Action against Defendants:

1. For damages, restitution and/or disgorgement of and constructive trust over the amount by which Defendants were unjustly enriched, amounting to at least $30,000,000;
2. For costs of suit;
3. For such other and further relief as the Court may deem just and proper.

Dated:   January 14, 2021            **FOUNDATION LAW GROUP LLP**

By   /s/ Gregg D. Zucker
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all causes of action so triable.

Dated:   January 14, 2021            **FOUNDATION LAW GROUP LLP**

By   /s/ Gregg D. Zucker
Attorneys for Plaintiff

-8-
COMPLAINT

**ORIGINAL**

REC'D JAN 14 2021

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ BANNING 311 E. Ramsey St., Banning, CA 92220
- ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
- ☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ HEMET 880 N. State St., Hemet, CA 92543
- ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
- ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Gregg Zucker (SBN 166692)
Foundation Law Group LLP, 2049 Century Park East, Suite 2460, LA, CA 90067

TELEPHONE NO: 310.403.9227   FAX NO. (Optional):
E-MAIL ADDRESS (Optional): gregg@foundationlaw.com
ATTORNEY FOR (Name): Michael Ho

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 14 2021
L. VILLANUEVA

SA1 JAN 20 2021

PLAINTIFF/PETITIONER: Michael Ho

DEFENDANT/RESPONDENT: Marathon Patent Group, Inc.

CASE NUMBER:
CVRI 2100078

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92501

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

FILED BY FAX

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  1/14/21

Gregg Zucker
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____ (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml

EXHIBIT A - Page 21

ORIGINAL

REC'D JAN 14 2021

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br>Gregg D. Zucker (166692) <br>Foundation Law Group LLP <br>2049 Century Park East, Suite 2460 <br>Los Angeles, California 90067 <br>TELEPHONE NO.: 310.403.9227  FAX NO.: <br>ATTORNEY FOR *(Name):* Plaintiff Michael Ho | FOR COURT USE ONLY <br><br>FILED <br>SUPERIOR COURT OF CALIFORNIA <br>COUNTY OF RIVERSIDE <br><br>JAN 14 2021 <br><br>L. VILLANUEVA |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Michael Ho v. Marathon Patent Group, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: <br>CVRI 2100078 |
|---|---|---|
| ☑ Unlimited ☐ Limited <br>(Amount (Amount <br>demanded demanded is <br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Six
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 14, 2021

Gregg Zucker
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10 <br>*www.courtinfo.ca.gov*

EXHIBIT A - Page 22

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non- domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non- harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

EXHIBIT A - Page 23

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2100078

**Case Name:**   HO vs MARATHON PATENT GROUP INC A NEVADA CORPORATION

Gregg David Zucker
2049 CENTURY PARK E
STE 2460
Los Angeles, CA 90067

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/26/2021 | 8:30 AM | Department 3 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 || |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.




| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

EXHIBIT A - Page 24

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/20/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *[signature]*
L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

EXHIBIT A - Page 25

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2100078

| | |
|---|---|
| Zucker, Gregg David<br>2049 CENTURY PARK E<br>STE 2460<br>Los Angeles, CA 90067 | HO, MICHAEL |

MARATHON PATENT GROUP INC A
NEVADA CORPORATION

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2100078

**Case Name:** HO vs MARATHON PATENT GROUP INC A NEVADA CORPORATION

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Judge Chad Firetag in Department 3 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 01/20/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *[signature]*

L. Villanueva, Deputy Clerk

CI-NODACV
(Rev. 10/01/19)

EXHIBIT A - Page 27