# EXHIBIT "B"

1 | CDF LABOR LAW LLP
      Todd R. Wulffson, State Bar No. 150377
2 |   twulffson@cdflaborlaw.com
      Kimberly M. Jansen, State Bar No. 243216
3 |   kjansen@cdflaborlaw.com
  | 18300 Von Karman Avenue, Suite 800
4 | Irvine, CA 92612
  | Telephone: (949) 622-1661
5 |
  | Attorneys for Defendant
6 | MARATHON PATENT GROUP, INC.

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF RIVERSIDE**

10

11 | MICHAEL HO, an individual,  ) Case No. CVRI2100078
                                )
12 |        Plaintiff,           ) **DEFENDANT MARATHON PATENT**
         vs.                    ) **GROUP, INC.'S GENERAL DENIAL OF**
13 |                            ) **AND ANSWER TO PLAINTIFF'S**
   | MARATHON PATENT GROUP, INC., a ) **UNVERIFIED COMPLAINT FOR**
14 | Nevada corporation; and DOES 1-10, ) **DAMAGES AND RESTITUTION**
                                )
15 |        Defendant.           ) Action Filed:  January 14, 2021
                                )
16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant MARATHON PATENT GROUP, INC. ("Defendant" or "Marathon"), answers the unverified Complaint (the "Complaint") of Plaintiff MICHAEL HO ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30, Marathon generally and specifically denies each and every allegation contained in Plaintiff's Complaint for Damages and Restitution, and further denies that Plaintiff has sustained damages in the sum or sums alleged, or any other sum at all, by reason of any act, breach, or omission by Marathon.

**AFFIRMATIVE AND OTHER DEFENSES**

In addition, Marathon alleges and asserts the defenses set forth herein.  By pleading these defenses, Marathon does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Cause of Action)

1.     The Complaint as a whole and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including without limitation, the timeliness provisions of California Code of Civil Procedure Sections 338, 339, 335.1, 340.  Thus, to the extent Plaintiff alleges wrongful conduct beyond the relevant statutes of limitation, those claims are barred.

**THIRD AFFIRMATIVE DEFENSE**

(No Unlawful Conduct)

3.     At all times mentioned in the Plaintiff's Complaint, Marathon fully complied with all obligations and/or duties imposed upon it by statute, contract or any other source.

///

DEFENDANT MARATHON PATENT GROUP, INC.'S GENERAL DENIAL AND ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT B - Page 29

1753691.2

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Frauds)

4.      Plaintiff's claims are barred by the statute of frauds, including the provisions contained in Civil Code § 1624 and Code of Civil Procedure § 197 because the contract on which the Complaint is based is invalid because it is not and never was in writing subscribed by Marathon.

**FIFTH AFFIRMATIVE DEFENSE**

(Parol Evidence Rule)

5.      Plaintiff's claims may be barred by the parol evidence rule.

**SIXTH AFFIRMATIVE DEFENSE**

(Plaintiff's Lack of Consideration)

6.      Plaintiff is barred from recovering any damages or other relief by reason of the lack of or inadequacy of consideration that defeats the effectiveness of the alleged contract between the parties.

**SEVENTH AFFIRMATIVE DEFENSE**

(Plaintiff's Lack of Performance)

7.      Plaintiff's claims are barred because of his failure to perform conditions precedent or to substantially perform under any agreement with Marathon.

**EIGHTH AFFIRMATIVE DEFENSE**

(Substantial and/or Full Performance)

8.      Plaintiff's claims are barred because Marathon substantially or fully performed all duties owed under any agreement upon which Plaintiff asserts his claims.

**NINTH AFFIRMATIVE DEFENSE**

(Estoppel)

9.      Plaintiff's claims may be barred by estoppel.

///

///

///

DEFENDANT MARATHON PATENT GROUP,
INC.'S GENERAL DENIAL AND ANSWER TO
PLAINTIFF'S COMPLAINT

1753691.2

1

## TENTH AFFIRMATIVE DEFENSE

2

(Unclean Hands and Laches)

3

10.    Plaintiff's claims may be barred by the doctrine of unclean hands and/or laches.

4

## ELEVENTH AFFIRMATIVE DEFENSE

5

(Waiver)

6

11.    Plaintiff's claims may be barred because he waived his right to the relief sought in

7

the Complaint.

8

## TWELFTH AFFIRMATIVE DEFENSE

9

(Justification or Privilege)

10

12.    Marathon's actions with respect to the subject matters alleged in the Complaint were

11

undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff,

12

and constitute lawful, proper, and justified means to further the sole purpose of Marathon to engage

13

in and continue its lawful business activities.  Furthermore, based on information and belief, all

14

decisions Marathon made with respect to Plaintiff were made for proper, business-related reasons

15

which were neither arbitrary, capricious, nor unlawful.  By reason thereof, Plaintiff is barred, in

16

whole or in part, from recovery on the alleged causes of action contained in the Complaint.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

18

(Legitimate Right To Protect Financial Interests)

19

13.    Marathon claims that there was no intentional interference with contractual relations

20

because it acted only to protect its legitimate financial interests.

21

## FOURTEENTH AFFIRMATIVE DEFENSE

22

(*Ultra Vires* Doctrine)

23

14.     Plaintiff engaged in *ultra vires* acts and may not seek to recover any benefits from

24

those unenforceable and illegal acts.

25

## FIFTEENTH AFFIRMATIVE DEFENSE

26

(Mitigation)

27

15.    Plaintiff failed to mitigate any damages and any damages awarded to Plaintiff

28

should be reduced accordingly.

3

DEFENDANT MARATHON PATENT GROUP,
INC.'S GENERAL DENIAL AND ANSWER TO
PLAINTIFF'S COMPLAINT

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

16.     Any recovery of damages by Plaintiff would constitute an unjust enrichment of Plaintiff and is, therefore, barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

17.     Plaintiff is precluded from recovering exemplary and/or punitive damages from Marathon in whole or in part under the applicable provisions of the law, including but not limited to the California and United States Constitutions and Section 3294 of the California Civil Code. Although Marathon denies that it has committed or had responsibility for any act that could support the recovery of punitive damages in this lawsuit, if and to the extent any such act is found, recovery of punitive damages against Marathon is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process Clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the Self-Incrimination Clause of the Fifth Amendment, and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, the Self-Incrimination of Section 15 of Article I, and other provisions of the California Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Liquidated Damages, Costs, Attorneys' Fees, and Interest Unavailable)

18.     The Complaint fails to state a claim for liquidated damages, costs, attorneys' fees or pre-judgment interest under the California Labor Code or any other law/basis.

**NINETEENTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

19.     Plaintiff's claims may be barred in whole or in part and/or Plaintiff's request for damages must be reduced by virtue of the after-acquired evidence doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

(Damages Remote/Speculative)

20.     Any event, any losses or damages alleged by Plaintiff, are impermissibly remote and speculative, and Plaintiff is, therefore, barred from recovery of such damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Multiple Recovery for Same Wrongs)

21.     Plaintiff's claims are barred to the extent he seeks a multiple recovery for the same alleged wrong or wrongs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Loss)

22.     Plaintiff's claims are barred because he did not suffer any damages as a result of any actions taken by Marathon.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Apportionment of Fault)

23.     Plaintiff's recovery, if any, should be reduced in accordance with an apportionment of fault as to all parties and non-parties who may be jointly or severally liable for his alleged injuries, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Comparative Fault)

24.     Assuming without admitting that any of the allegations in the Complaint are true, Plaintiff failed to exercise ordinary care, caution, or prudence and any alleged damages were proximately caused and contributed to by the negligence of Plaintiff.  Therefore, any damages are barred and/or must be reduced in proportion to Plaintiff's own negligence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Bad Faith)

25.     The Complaint was brought by Plaintiff in bad faith and is frivolous, unreasonable, and groundless, and by reason of the conduct stated herein Marathon is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to

5

California Code of Civil Procedure section 128.7.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Entitlement to Restitution)

26.    The Complaint fails, in whole or in part, and Plaintiff is precluded from recovering restitution from Marathon under the applicable provisions of the law because Plaintiff cannot specify quantifiable monetary amounts converted from Plaintiff by Defendant for which restitution is owed.  Specifically, Labor Code § 203 penalties are not recoverable as restitution under California Business and Professions Code §§ 17200 et seq.  Furthermore, the nature of some or all of the violations alleged in the Complaint will require Plaintiff to attempt to prove damages, if any, through estimates and approximations insufficient to establish the quantifiable, measurable amounts necessary to recover restitution.  Accordingly, even if Plaintiff can establish some or all of the alleged breaches to any contract between him and Marathon, Plaintiff cannot recover restitution as requested in the Complaint.

### RESERVATION OF RIGHTS

Marathon hereby gives notice that it intends to rely upon such other and further affirmative and other defenses they identify and/or as may become available during discovery in this action, and Marathon reserves the right to amend this Answer to assert any such defenses.

### PRAYER FOR RELIEF

**WHEREFORE**, Marathon prays for judgment as follows:

a.    That Plaintiff take nothing by his Complaint;

b.    That the Complaint be dismissed;

c.    That judgment be entered in favor of Marathon;

d.    For costs of suit and attorneys' fees incurred herein; and

e.    For such other and further relief as the Court deems just and proper.

1753691.2

1

2    Dated:  February 22, 2021                CDF LABOR LAW LLP
                                              Todd R. Wulffson
3

4                                             By: _____
                                                       Kimberly M. Jansen
5                                             Attorneys for Defendant
                                              MARATHON PATENT GROUP, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7        DEFENDANT MARATHON PATENT GROUP,
                                             INC.'S GENERAL DENIAL AND ANSWER TO
                                             PLAINTIFF'S COMPLAINT

1

**PROOF OF SERVICE**

2

3       STATE OF CALIFORNIA, COUNTY OF ORANGE.

4

5       I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 800, Irvine, CA 92612. On February 22, 2021, I served upon the interested party(ies) in this action the following document described as: DEFENDANT MARATHON PATENT GROUP, INC.'S GENERAL DENIAL OF AND ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES AND RESTITUTION

6

7

8       By the following method:

9       Gregg D. Zucker
        FOUNDATION LAW GROUP LLC
10      2049 Century Park East, Suite 2460
        Los Angeles, California 90067

11

12      For processing by the following method:

13  [X]  **(e-mail by court order)**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

14

15      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17      Executed on February 22, 2021, at Irvine, California.

18      _____          _____
        Cary Tobaben                              (Signature)
19      (Type or print name)

20

21

22

23

24

25

26

27

28

CDF LABOR LAW LLP

1753691.2

8

DEFENDANT MARATHON PATENT GROUP, INC.'S GENERAL DENIAL AND ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT B - Page 36