CDF LABOR LAW LLP
   Todd R. Wulffson, State Bar No. 150377
   twulffson@cdflaborlaw.com
   Kimberly M. Jansen, State Bar No. 243216
   kjansen@cdflaborlaw.com
   Desiree J. Ho, State Bar No. 313250
   dho@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661

Attorneys for Defendant
MARATHON DIGITAL HOLDINGS, INC.
formerly known as MARATHON PATENT
GROUP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HO, an individual,<br><br>      Plaintiff,<br>vs.<br><br>MARATHON PATENT GROUP, INC., a Nevada corporation; and DOES 1-10,<br><br>      Defendant. | Case No. 5:21-cv-00339 PSG (SPx)<br><br>(Removal from Riverside Superior Court Case No. CVRI2100078)<br><br>**JOINT STIPULATION ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**<br><br>Date: December 7, 2021<br>Time: 10:00 a.m.<br>Ctrm: 3, 3rd Floor<br><br>Action Filed: January 14, 2021<br>Pretrial Conf: February 18, 2022<br>Disc. Cutoff: November 24, 2021<br>Trial Date: March 3, 2022 |

## I. DEFENDANT'S INTRODUCTION

Defendant moves to compel a further response to RFP No. 86, which seeks the production of documents relating to "any benefits [PLAINTIFF] received because of any agreement between Compute North and Defendant." (Jansen Decl. ¶3; Exh. A.) As this Court ruled on June 23, 2021, the parties' prior business dealings are relevant as are communications with third parties that relate "to the claims at issue in this case." (Dkt. No 35, at pp. 10-11.) Through this demand, Defendant seeks documentation concerning any side-deal Plaintiff attempted to negotiate with Marathon's business partner, Compute North, since such information is relevant to a determination of Plaintiff's credibility, including whether he breached certain obligations under a prior consulting agreement with Marathon, Defendant's *ultra vires* defense, and Marathon's consideration of whether to work with Plaintiff or 2P1 when it came time to structure a joint venture with Beowulf Energy. Plaintiff has already produced documentation evidencing an intent to overcharge Defendant for energy spent in a hosting deal. (Jansen Decl., Exh. 13, Exh. K.) Accordingly, through this demand, Defendant seeks relevant evidence in this matter.

Plaintiff's answer that re-defines the scope of the demand and includes circular logic fails to satisfy FRCP 34, which requires a party to produce all specified relevant and nonprivileged documents, tangible things, or electronically stores information in its "possession, custody, or control," because it is evasive, circularly reasoned, and based on his subjective "understanding." Moreover, Plaintiff's interpretation. Plaintiff's response is evasive, warranting further response. Plaintiff's response includes conditional phrases with respect to his production obligations. (Jansen Decl. ¶ 11, Exh I.) For example, Plaintiff conditions his ability to produce "based on his understanding" of what a document demand encompasses or subject to his objections. These responses are improper "conditional responses" that fail to specify whether all responsive documents are being withheld or produced. "Conditional responses and/or the purported reservation of rights by a responding

party are improper and ultimately have the effect of waiving the objections to the discovery requests." *Woodard v. Labrada*, 2017 WL 1018306 *4 (C.D. Cal. Mar. 6, 2017) citing *Herrera v. AllianceOne Receivable Management, Inc.*, 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) (citing *Sprint Communications Co. v. Comcast Cable Communications, LLC,* 2014 WL 545544 at *2 (D. Kan. Feb. 11, 2014), modified 2014 WL 569963 (D. Kan. 2014). "Discovery responses including the phrases 'subject to' and 'without waiving its objections' can confuse or mislead the requesting party as to whether the responding party has fully or only partially responded to the discovery request." *Woodard, supra*, at *4 citing *Estridge v. Target Corp.*, 2012 WL 527051 at *1-2 (S.D. Fla. Feb. 16, 2012). In *Woodard*, this Court granted plaintiff's motion to compel RFPs based on Defendant's responses that "subject to and without waiving the foregoing objections … Defendant will produce copies of responsive documents…." because the responses were "evasive as to whether *all* requested documents have been produced or withheld …" *Ibid.* Thus, defendant was obligated to provide further supplemental responses affirming either that he has no responsive documents in his possession, custody, or control, or that all responsive documents are being produced. *Ibid.* As in *Woodard*, Plaintiff's responses are evasive and fail to indicate whether all requested documents have been produced or withheld. As such, Defendant's motion to compel should be granted.

Defendant is entitled to seek an order compelling disclosure of discovery sought in this Motion and has engaged in multiple efforts to meet and confer regarding Plaintiff's deficient responses to avoid seeking Court intervention, to no avail. (See Jansen Decl. ¶¶ 5-10, 12; Exhs. D-H, & J.) In addition, if this Motion is granted, Defendant requests an award of sanctions under FRCP 37(a)(5)(A) in the amount of $2,000. (Jansen Decl. ¶ 17.)

## II. PLAINTIFF'S INTRODUCTION

Defendant refuses to accept "yes" for an answer. Despite defects in the discovery, Plaintiff has unequivocally agreed to produce, and did produce, the only

document that may be responsive to Defendant's request, if any documents are responsive. Even if Defendant's discovery were appropriate, and it is not, there is nothing to compel here.

RFP No. 86 seeks documentation of the benefits Plaintiff received from an agreement unrelated to this case, between Defendant and a non-party, Compute North. The discovery makes no sense because Plaintiff received no such benefits. To be sure, Plaintiff contemplated receiving benefits, in the form of stock, due to the agreement between Compute North and Defendant. But no such stock was received, as confirmed by testimony from both Plaintiff and Compute North.

Given that Plaintiff did not receive such benefits, Plaintiff repeatedly questioned what Defendant sought and how any benefits due to an agreement with a third party unrelated to this case had any bearing in this case. Defendant refused to explain, leaving Plaintiff unable to make sense of the discovery and forcing Plaintiff to explain his understanding of the questionable discovery. As Plaintiff has no documents regarding any benefits that he/his companies obtained from Compute North, and as Defendant refused to accept that answer, Plaintiff did the next best thing. Plaintiff produced a document showing the benefits (stock) received under an agreement between Defendant and a company affiliated with Plaintiff. Of course, Defendant knows all about that because Defendant issued the stock directly.

As explained in Plaintiff's responses, it is questionable whether a document relating to benefits received due to an agreement between Defendant and a company affiliated with Plaintiff would be responsive to the request for documents relating to benefits received due to an agreement between Defendant and Compute North. That connection is hard to see. Regardless, the document produced is the one document that may be responsive.

In its moving papers, Defendant suggests that it seeks documents regarding a "side deal" between Plaintiff and Compute North. But Plaintiff has no such documents. As Plaintiff and Compute North have explained repeatedly, there was no

side deal producing any benefits to Plaintiff or companies/persons related to Plaintiff.

Contrary to Defendant's misrepresentations, there was nothing unclear or conditional in Plaintiff's responses. Simply put, there are no documents evidencing benefits from any professed side deal as a side deal was not struck. Defendant knows this fact, having received testimony from multiple people on point. Defendant knows this fact, having received the first Supplemental Response that Plaintiff has no such documents (which Supplemental Response Defendant rejected). There is nothing to compel here. Defendant's Motion was not made in good faith.

## DEMAND FOR PRODUCTION OF DOCUMENTS, SET THREE

**DEMAND FOR PRODUCTION NO. 86:**

Any and all DOCUMENTS RELATING TO any benefits YOU received because of any agreement between Compute North and Defendant.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 86:**

Plaintiff objects that the request seeks some documents that are not relevant, is overbroad, does not set forth with sufficient particularity the documents requested, and is not proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE TO RFP NO. 86:**

Plaintiff objects that the request seeks some documents that are not relevant, is overbroad, does not set forth with sufficient particularity the documents requested, and is not proportional to the needs of this case. Subject to and without waiving the above objections, Plaintiff understands that this request seeks documents relating to benefits Plaintiff received from others, not Defendant, as Defendant already has documents reflecting the shares of Defendant's stock that Defendant provided to a company associated with Plaintiff in connection with a consulting agreement (which documents may not even be responsive to this request). Based on the above understanding, Plaintiff does not have documents responsive to such request as such documents do not exist.

///

**SECOND SUPPLEMENTAL RESPONSE TO RFP NO. 86:**

Plaintiff objects that the request seeks some documents that are not relevant, is overbroad, does not set forth with sufficient particularity the documents requested, and is not proportional to the needs of this case. Subject to and without waiving the above objections, Plaintiff understood this request as seeking documents on the benefits received from others, not Defendant. The reason for that understanding is that any benefits received from Defendant are at most shares of Defendant's stock that a company associated with Plaintiff obtained for the acquisition of and consulting on the sourcing of bitcoin mining machines. Given the facts, it is unclear how any documents regarding the receipt of stock from Defendant, because of agreements between a company associated with Plaintiff (not Compute North) and Defendant, would be responsive to the request. Accordingly, Plaintiff does not have documents responsive to the request based on Plaintiff's understanding. To the extent Defendant contends that the request actually does seek documents regarding the receipt of benefits (stock) by a company associated with Plaintiff because of agreements between that other company (not Compute North) and Defendant, Plaintiff will produce, within 2 business days, the one document that reflects the receipt of such benefits. Plaintiff's production is without necessarily accepting Defendant's interpretation of the request or its proclaimed relevance of such documentation.

**DEFENDANT'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

RFP 86 seeks information relevant to the parties' prior dealings, including attempts by Plaintiff to receive commission based on marking up the price of energy from the seller to the buyer. Such information is relevant to an evaluation of (1) Plaintiff's credibility, (2) whether Plaintiff breached his obligations under separate consulting agreements, and (3) the possibility that the unearned commission he seeks to recover in this litigation is not available to him since he did not have a

broker's license.

Plaintiff's second supplemental response did not cure the issues Defendant raised during the meet and confer conference October 25, 2021, namely, Plaintiff's response was again based on his "understanding" of the question and did not clearly answer whether or not responsive documents exist. Specifically, Defendant stated its possession that Plaintiff should respond to this demand with a representation that either documents existed because he or any of his shell companies, including Caerus Investment Holdings, Ltd. attempted to ("related to") or actually did receive a benefit for Marathon's hosting transaction with Compute North or to affirm they did not.

Based on the conversation, Defendant understood that Plaintiff would identify and produce the only document reflecting shares Plaintiff's company, Caerus Investment Holdings, Ltd., received from Marathon and confirm that he had no other responsive documents. Instead, Plaintiff again responded based on "his understanding" (or misunderstanding) of the scope of RFP 86. The response fails to comply with FRCP 34(a), which obligates the responding party to respond in and agree to produce all specified relevant and nonprivileged documents, tangible things, or electronically stored information in "his possession, custody, or control." FRCP 34(a). Plaintiff operated a dozen or so shell corporations, at least three of which had business dealings with Defendant. Specifically, as it relates to Compute North, Plaintiff executed a consulting agreement on behalf of Caerus Investment Holdings, Ltd. in exchange for share compensation. Plaintiff produced a document in this litigation suggesting that there was a side agreement between him and Compute North wherein Plaintiff would earn compensation for every kWh unit of energy purchased by Defendant, without Defendant's knowledge. (Jansen Decl. ¶ 13, Exh. K.) Suspicion of this agreement played a role in Defendant's decision not to work with Plaintiff on the Beowulf joint venture. Therefore, any caveat by Plaintiff, in response to this demand, must be met with suspicion and all specified relevant and nonprivileged document must be produced. Any benefits Plaintiff

received as a result of any agreement between Compute North and Defendant is directly relevant to Plaintiff's claim for damages since it reflects on his ability to structure commiserate deals to the joint venture at issue, reflects on his credibility, as well as the propriety of his involvement in these transactions. Based on Plaintiff's misunderstanding of what RFP 86 seeks, Plaintiff has failed to provide a sufficient, substantive response.

**PLAINTIFF'S POSITION:**

      **A.    Plaintiff Has Produced All Responsive Documents.**

Plaintiff's responses confirm that, if any documents are responsive to the request, then they have been produced. Specifically, there is one such document, which has been produced, showing benefits received from Defendant due to a consulting agreement between one of Plaintiff's companies and Defendant. To the extent that Defendant argues that this consulting agreement relates to an agreement between Defendant and Compute North, then the document may be responsive. That is all. Defendant's uninformed "suspicion" that there are other unspecified documents—and there are none—is not a basis to move to compel.

Indeed, Defendant's "suspicion" that Plaintiff had a "side deal" with Compute North is undermined by the very evidence that Defendant cites in support of its position. As Plaintiff testified, "the deal that [he] had contemplated [with Compute North] never went through." Jansen Decl., Ex. K at 205:9-10. What is more, Compute North attested that there were no such documents, producing only two NDAs that are not the "benefits" Defendant seeks and that are responsive to other categories of documents (agreements) that Defendant subpoenaed. *See* Perrill Affidavit, attached as Exh. A to the Declaration of Gregg D. Zucker.

Plaintiff has **twice** informed Defendant in his supplemental and second supplemental responses that he does not have the documents that Defendant seeks. If the request seeks benefits from others, like Compute North and not Defendant, as Plaintiff originally understood, then Plaintiff's Supplemental Response makes clear

that "Plaintiff does not have documents responsive to such request as such documents do not exist." There should be no ambiguity there. Yet, Defendant complained about the response. Accordingly, Plaintiff responded again, reiterating that he lacks documents reflecting benefits from Compute North while agreeing to produce one document that potentially may be responsive to the extent Defendant seeks documents relating to benefits received from Defendant. Either way, there are no documents relating to supposed "benefits" received from Compute North because Plaintiff did not receive any benefits. Plaintiff cannot produce what does not exist.

As for Plaintiff's objections, this Court has recognized that a party may preserve its objections as long as its response make clear whether or not all documents are being produced. *See Woodard v. Labrada*, No. 16-189, 2017 WL 1018306, at *4 (C.D. Cal. Mar. 6, 2017) (Pym, J.) ("[t]he court agrees up to a point: defendant need not waive his objections when responding"). Plaintiff's response is unequivocal that he is producing the one, potentially responsive document. Plaintiff's response clearly states that he does not have documents relating to "benefits" from any party other than Defendant—because no such documents exist— and is producing the one document that shows benefits received from Defendant.

Plaintiff is not required to respond further, and Defendant offers no basis for Defendant's argument that Plaintiff should respond "with a representation that either documents existed because he or any of his shell companies, including Caerus Investment Holdings, Ltd. attempted to ('related to') or actually did receive a benefit for Marathon's hosting transaction with Compute North or to affirm they did not." This Motion pertains to a document request not an interrogatory. What is more, Defendant questioned Plaintiff on this topic at his deposition, and Plaintiff confirmed that the supposed "side deal" and benefits from such a "side deal" are fictions in

/ / /

/ / /

/ / /

Defendant's imagination. Nothing more is required.[1]

### B. The Request Is Irrelevant in Any Event.

Defendant has never explained how its separate transaction with Compute North is relevant to its defenses in this case. To be sure, Defendant claims that the documents are relevant to Plaintiff's credibility, to Defendant's contention that Plaintiff breached his obligations under "separate consulting agreements," and to Defendant's contention that Plaintiff needed a broker's license. But Defendant does nothing to tie those disparate, abstract points to its defenses.

As to credibility, Defendant fails to explain how a separate transaction, let alone one involving Plaintiff and Defendant, bears on Plaintiff's "credibility." Moreover, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Civ. P. 608(b). Even if there were a supposed "side deal" with Compute North, and there was not, and even if it somehow went to Plaintiff's character for truthfulness, and it would not, such evidence is not relevant. Thus, there is no tie in between the documents demanded and Plaintiff's credibility.

As to whether Plaintiff breached his obligations under "separate consulting agreements," an alleged breach of admittedly "separate consulting agreements" between Defendant and a company affiliated with Plaintiff is not a defense to the breach of the agreement between Defendant and Plaintiff in this case. Nor is there such a thing as an "ultra vires" defense to a claim for breach of contract, as Defendant claims without explanation.

As to whether Plaintiff needed a broker's license, Defendant fails to explain how professed and non-existent "benefits" Plaintiff supposedly received from Compute North are relevant to whether Plaintiff had a broker's license and whether a

---

[1] Defendant gratuitously refers to companies affiliated with Plaintiff as shell companies. This is wrong, unsupported and immaterial.

broker's license is needed in this case due to benefits that Plaintiff never received. Given that Defendant has failed to articulate any basis on which the Compute North is relevant, its motion should be denied.

### C. The Request Is Overly Broad and Vague.

Although Plaintiff has fully complied with this Request, he properly preserved his objections because the request is overly broad and vague. The request does not specify the "benefits" that it is asking about. There could be a host of different types of benefits—*e.g.*, stock issued by Defendant, a supposed "side deal" with Compute North, business contacts leading to future transactions, goodwill, a feeling of accomplishment. Moreover, there is no time limit.

Plaintiff properly sought to clarify the request during the meet-and-confer. Based on the discussions, he twice revised his response to explain that he has produced the one potentially responsive document. The clarifications were necessary due to Defendant's refusal to take a clear position on what it wants. Defendant offers no basis to challenge Plaintiff's objections, particularly where Plaintiff has responded fully. The objections merely preserved Plaintiff's rights given the broad and ambiguous scope of the request.

## III. DEFENDANT REQUESTS AN AWARD OF SANCTIONS

Defendant respectfully requests sanctions in the amount of $2,000 against Plaintiff under FRCP 37(a)(5)(A). (Jansen Decl. ¶ 17.) Defendant may seek sanctions under FRCP 37(a)(3)(B)(iii)-(iv) for Plaintiff's failure to produce documents, or respond that inspection will be permitted. In response to several Requests for Production, Plaintiff provided responses that evasively narrow the scope of the request to exclude documents Defendant has repeatedly explained are relevant to this case. Similarly, Plaintiff submits an entirely different reading of RFP 86 to assert there are no responsive documents. Based on Plaintiff's reinterpretation of a very clear Request, Defendant cannot confirm whether there are truly no responsive documents with respect to the actual Request. "[E]vasive or incomplete disclosure[s],

answer[s], or response[s] must be treated as a failure to disclose, answer or respond." FRCP 37(a)(4). Plaintiff must be sanctioned to prevent continued obstruction of discovery of highly relevant information.

### IV. PLAINTIFF REQUESTS AN AWARD OF SANCTIONS IN HIS FAVOR

Defendant and its counsel should be sanctioned $3,000 because its Motion is not substantially justified. *See* Fed. R. Civ. P. 37(c)(1). Plaintiff's response is more than sufficient, the discovery is not relevant, and the framing of the request is not appropriate. Sanctions of $3,000 are more than justified and much less than the value of the time that has been and will be put into opposing the Motion. *See* Declaration of Gregg Zucker, ¶3.

Dated: November 16, 2021   CDF LABOR LAW LLP

By: _/s/ Kimberly M. Jansen_
Kimberly M. Jansen
Attorneys for Defendant
MARATHON DIGITAL HOLDINGS, INC.
formerly known as MARATHON PATENT GROUP, INC.

Dated: November 16, 2021   FOUNDATION LAW GROUP LLC

By: _/s/ Gregg Zucker_
Gregg Zucker
Attorneys for Plaintiff
MICHAEL HO