CDF LABOR LAW LLP
Todd R. Wulffson, State Bar No. 150377
twulffson@cdflaborlaw.com
Kimberly M. Jansen, State Bar No. 243216
kjansen@cdflaborlaw.com
Desiree J. Ho, State Bar No. 313250
dho@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661

Attorneys for Defendant
MARATHON DIGITAL HOLDINGS, INC.
formerly known as MARATHON PATENT
GROUP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HO, an individual,<br><br>Plaintiff,<br>vs.<br><br>MARATHON PATENT GROUP, INC., a Nevada corporation; and DOES 1-10,<br><br>Defendant. | Case No. 5:21-cv-00339 PSG (SPx)<br><br>(Removal from Riverside Superior Court Case No. CVRI2100078)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NUMBER 4 TO EXCLUDE WITNESSES AND DOCUMENTS NOT PRODUCED IN DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KIMBERLY M. JANSEN**<br><br>Date: March 3, 2022<br>Time: 9:00 a.m.<br>Ctrm: 6A<br><br>Action Filed: January 14, 2021<br>Trial Date: March 3, 2022 |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on March 3, 2022, in Courtroom 6A, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 350 West 1st Street, 6th Floor, Los Angeles, California 90012, Defendant Marathon Digital Holdings, Inc. ("Marathon") moves for an order, *in limine*, to exclude witnesses and documents not produced in discovery.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Kimberly M. Jansen regarding Defendant's Motions *in Limine* filed concurrently herewith, and upon such other matters as may be presented to the Court at the time of the hearing.

This motion in limine is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 7, 2022.

Dated: January 14, 2022

CDF LABOR LAW LLP

By: ______________________
Kimberly M. Jansen
Attorneys for Defendant
MARATHON DIGITAL HOLDINGS, INC. formerly known as MARATHON PATENT GROUP, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Plaintiff Michael Ho ("Plaintiff" or "Ho") purports to be owed in excess of $30,000,000 for locating and identifying Beowulf Energy ("Beowulf") as a potential energy partner for Marathon Digital Holdings, Inc., previously known as Marathon Patent Group, Inc in early June 2020. In reality, Plaintiff was already obligated to source energy deals by a Consulting Agreement he signed with Marathon in September 2019 that expired in September 2021. Marathon had paid him 150,000 in shares as consideration for his consulting services. Moreover, the preliminary information that Plaintiff shared with Marathon about a Montana power source, under the terms of the "Mutual" Non-Disclosure Agreement ("NDA"), executed by Marathon alone, did not contain proprietary or commercially-sensitive information. Specifically, Plaintiff's "Initial Montana Notes" did not disclose Beowulf's identity. It described a 100 MW facility with approximately 70 MW of available energy and proposed a potential pricing structure. In addition, when Plaintiff eventually disclosed Beowulf's name, it was with a link to the Company's public website. Beowulf's identity as a potential power source was already known in the industry and specifically by John O'Rourke and Bryan Pascual of 2P1, and to the public since its interest in converting the coal mine in Hardin, Montana had been covered in the local newspapers, as well as the Associated Press.

The eventual transaction between Marathon and Beowulf reflected a completely different type of investment, negotiated by an independent party, 2P1, who had independent knowledge concerning Beowulf and shared it with Marathon in an effort source a power deal. Plaintiff was not circumvented in this opportunity. It was made without him because Plaintiff could not secure due diligence information from Beowulf and was unable to propose deal terms that made sense for that Company. Beowulf abandoned discussions with Plaintiff in mid-June and testified under oath that the company had "no relationship" with Plaintiff.

The parties have had ample opportunity to engage in and produce responsive discovery, as affirmed by this Court in its denial of Plaintiff's *ex parte* motion to re-open discovery. (Dkt. 101.) Therefore, pursuant to Rules 401, 402, 403 and 702 of the Federal Rules of Evidence (hereafter "Rule" or "Rules"), Defendant Marathon Digital Holdings, Inc. ("Defendant"), hereby submits this motion *in limine* to exclude witnesses and documents not produced in discovery.

## II. RELEVANT BACKGROUND.

On January 14, 2021, Plaintiff filed a Complaint against Defendant alleging causes of action for: (1) Breach of Written Contract; (2) Breach of Implied Contract; (3) Quasi-Contract; (4) Services Rendered; (5) Intentional Interference with Prospective Economic Relations; and (6) Negligent Interference with Prospective Economic Relations. In this action, Plaintiff contends Defendant violated a mutual non-disclosure agreement ("NDA") between the parties. Specifically, Plaintiff claims he obtained information that Beowulf Energy had available energy to sell for Defendant's Bitcoin mining operation. Plaintiff alleges Defendant circumvented him by transacting business with Beowulf Energy and Two Point One, LLC. Plaintiff, however, never returned a fully executed copy of the revised NDA to Mr. Okamoto, rendering it unenforceable. Moreover, the NDA included illusory terms, did not provide a structure for Plaintiff to recover any compensation on a deal involving Beowulf and Marathon, and expressly provided that any restrictions on the use of "proprietary information" would not apply to information already known to Defendant or provided by someone other than Plaintiff. Further Plaintiff did not provide proprietary information to Defendant, and Defendant did not use any such information from Plaintiff to reach a deal with Beowulf. Plaintiff's hope that an economic relationship with Beowulf might materialize is not sufficient to support a claim, and his claimed damages are speculative.

On January 7, 2022, Defendant's counsel met and conferred with Plaintiff's counsel in accordance with Local Rule 7-3 and discussed the instant motion and

grounds therefore. (Jansen Dec. ¶¶ 4, 5(d).) Plaintiff's counsel declined to stipulate, resulting in the instant motion in limine. (Jansen Dec. ¶ 6.)

In this Motion In Limine, Defendant seeks to exclude from the jury any evidence not disclosed in the underlying discovery of this matter. Despite the standard nature of this request and Defendant's agreement to be similarly bound, Plaintiff would not stipulate to this exclusion.

## III. __WITNESSES AND DOCUMENTS NOT IDENTIFIED IN DISCOVERY SHOULD BE PRECLUDED.__

Rule 26 of the Federal Rules of Civil Procedure "requires that a party disclose the name, address, and telephone number of any witness the disclosing party may use to support its claims or defenses, along with the subject of the witness's potential testimony, unless the testimony of the witness will be used solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 requires that a party supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Central District of California Local Rule 16-2.4 also requires that counsel disclose all witnesses to be called at trial at the pretrial meeting of counsel." *Rodriguez v. City of Los Angeles*, 2015 WL 13308598 at *9 (C.D. Cal. Aug. 11, 2015) (finding failure to disclose witnesses prior to discovery cut off who had not been deposed was prejudicial and barred their testimony at trial).

Rule 37 of the Federal Rules of Civil Procedure provides that a party that "fails to disclose information required by [the initial disclosure requirements of Rule 26], or to amend a prior response to discovery as required by Rule 26(e)(2) is not, unless such a failure is harmless, permitted to use as evidence at a trial... any witness or information not so disclosed." Fed. R. Civ. Proc. 37(c)(1). Under Rule 37, a party must amend or supplement their discovery responses if they discovered additional

witnesses or documents responsive to the request. *Kurtz v. Allstate Insurance Co.*, 2010 WL 11515428 at *2 (C.D. Cal. Dec. 3, 2010) (granting motion in limine to exclude witnesses and introducing documents not identified or produced during discovery).

Here, pursuant to *Rodriguez* and *Kurtz*, Plaintiff should not be permitted to have any witnesses he failed to identify, who is not solely for impeachment, testify at trial or introduce documents he failed to identify during discovery. Plaintiff has not amended any discovery responses. Thus, admitting witness testimony or documents that have not been identified would unfairly prejudice Defendant.

## IV. CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that the Court exclude witnesses and documents Plaintiff failed to identify during discovery.

Dated: January 14, 2022

CDF LABOR LAW LLP

By: ______________________

Kimberly M. Jansen
Attorneys for Defendant
MARATHON DIGITAL HOLDINGS, INC. formerly known as MARATHON PATENT GROUP, INC.

**DECLARATION OF KIMBERLY M. JANSEN, ESQ.**

I, KIMBERLY M. JANSEN, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am an associate with the law firm of CDF Labor Law LLP, counsel of record for Defendant Marathon Digital Holdings, Inc. ("Defendant") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I make this Declaration in support of Defendant's Motion *in Limine* Number 4, to exclude witnesses and documents not produced in discovery.

3. On January 3, 2022, Damion Robinson, counsel for Plaintiff Michael Ho ("Plaintiff"), sent me a request via email to schedule a conference call to meet and confer concerning the parties' contemplated motions *in limine* in this matter. The call was then scheduled for Friday, January 7, 2022 at 4:00 p.m. A true and correct copy of this correspondence is attached hereto as **Exhibit A**.

4. Pursuant to L.R. 7-3, I telephonically met and conferred with Plaintiff's counsel on January 7, 2022.

5. During this call, among other things, I discussed Defendant's legal and factual bases for filing motions to exclude:

a. testimony of Plaintiff's retained experts, on the grounds that the experience of his disclosed retained experts does not exceed common experience and the opinion testimony of these retained experts risk usurping the jury, resulting in prejudicial effect to Defendant;

b. non-retained expert witness testimony offered by Plaintiff, on the grounds of bias and that his knowledge about finding crypto currency facilities, building out mining infrastructure, and energy pricing structures does not exceed that of someone with common experience and because Plaintiff refused to appear and testify at his properly noticed expert witness deposition;

c. testimony and documentary evidence of discovery disputes

between the parties that have pervaded the litigation, including but not limited to cell phone records and other documents and witnesses not produced in discovery, on the grounds that such evidence is not relevant and each of the discovery disputes has already been decided and settled by the magistrate judge;

d. witnesses and documents requested but not produced in discovery;

e. evidence of Plaintiff's damages on the grounds that they are speculative;

f. the fully executed NDA, on the grounds that Plaintiff admitted at deposition that he never returned the revised executed NDA to Marathon, rendering this document irrelevant, prejudicial, misleading, confusing and not probative of the claims asserted. In addition, questions exist regarding authenticity of the document itself given the manner in which it was produced;

g. character evidence regarding Okamoto regarding his decency in negotiations, prior careers, wealth, prior business dealings, and resignation;

h. Marathon's financial condition, on the grounds that such evidence is unrelated to the Hardin, MT facility and is irrelevant to Plaintiff's claims; and

i. damages evidence from the liability phase of the trial.

6. Although I discussed these issues at length with Plaintiff's counsel, Plaintiff's counsel declined to stipulate to any of them at the time of our call or in the time since our call.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of January, 2022, at San Diego, California.

/s/ [signature]

Kimberly M. Jansen

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4660 La Jolla Village Drive, Suite 740, San Diego, CA 92122. On January 14, 2022, I served upon the interested party(ies) in this action the following document described as: DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NUMBER 4 TO EXCLUDE WITNESSES AND DOCUMENTS NOT PRODUCED IN DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KIMBERLY M. JANSEN

By the following method:

Gregg D. Zucker
FOUNDATION LAW GROUP LLC
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel.: (310) 979-7561
E-MAIL: gregg@foundationlaw.com

David W. Affeld
Damion D. D. Robinson
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 979-8700
E-MAIL: dwa@agzlaw.com; dr@agzlaw.com

☒ **(By court order)** Based on a court order to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2022, at San Diego, California.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Julia Rodionova | */s/ Julia Rodionova* |
| (Type or print name) | (Signature) |

# EXHIBIT A

**From:** Damion Robinson <DR@agzlaw.com>
**Sent:** Wednesday, January 5, 2022 9:37 PM
**To:** Kimberly Jansen; Todd R. Wulffson
**Cc:** Gregg Zucker; David Affeld; Julia Rodionova; Taylor Wendland
**Subject:** RE: Ho/Marathon: Meet and Confer re Motions in Limine [IWOV-DB.FID323997]

Kimberly,

Let's plan for 4:00 p.m. on Friday.

Thanks,
Damion

---

**From:** Kimberly Jansen <kjansen@cdflaborlaw.com>
**Sent:** Wednesday, January 5, 2022 12:52 PM
**To:** Damion Robinson <DR@agzlaw.com>; Todd R. Wulffson <twulffson@cdflaborlaw.com>
**Cc:** Gregg Zucker <gregg@foundationlaw.com>; David Affeld <dwa@agzlaw.com>; Julia Rodionova <jrodionova@cdflaborlaw.com>; Taylor Wendland <twendland@cdflaborlaw.com>
**Subject:** RE: Ho/Marathon: Meet and Confer re Motions in Limine [IWOV-DB.FID323997]

Hi Damion, I am available to meet and confer about motions in limine on Friday, after 3 p.m. Please confirm what time that works for you.

CDF LABOR LAW LLP

**Kimberly M. Jansen**
**Partner**
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
T: **(949) 622-1661** | **kjansen@cdflaborlaw.com**
**Website »** **Attorney Bio »**
**Click Here for COVID-19 Resources for Employers »**
**COUNSEL TO CALIFORNIA EMPLOYERS™**

---

**From:** Damion Robinson <DR@agzlaw.com>
**Sent:** Monday, January 3, 2022 5:07 PM
**To:** Kimberly Jansen <kjansen@cdflaborlaw.com>; Todd R. Wulffson <twulffson@cdflaborlaw.com>
**Cc:** Gregg Zucker <gregg@foundationlaw.com>; David Affeld <dwa@agzlaw.com>
**Subject:** Ho/Marathon: Meet and Confer re Motions in Limine

All –

Please let me know a time this week that you are available to meet and confer on the parties' contemplated motions in limine. We would like to discuss our contemplated motions and any motions that Marathon intends to file.

In addition, given the Zoom format of the expert depositions, we will need to make arrangements to get the expert fees paid at or prior to the time of the depositions. Please let us know how you propose to do this.

Regards,

Damion D. D. Robinson
**Affeld Grivakes LLP**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 979-8700 x 217
Fax: (310) 979-8701

AFFELD GRIVAKES LLP

This email is sent from a law firm and may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately by return email and delete this message from your system. Please do not copy or use this email for any purpose, or disclose its contents to any other person.