MUNGER, TOLLES & OLSON LLP
Brad D. Brian (SBN 79001)
brad.brian@mto.com
Elaine J. Goldenberg (*pro hac vice*)
elaine.goldenberg@mto.com
Jeffrey Y. Wu (SBN 248784)
jeffrey.wu@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel:  (213) 683-9100

*Attorneys for Defendant*
*MARA HOLDINGS, INC., f/k/a Marathon Digital Holdings, Inc. and Marathon Patent Group, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HO,<br><br>          Plaintiff,<br><br>v.<br><br>MARATHON PATENT GROUP, INC., et al.,<br><br>          Defendants. | Case No. 5:21-cv-00339 SSS (SPx)<br><br>**APPLICATION FOR APPROVAL OF MODIFIED BOND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUCH APPLICATION**<br><br>Judge:  Honorable Sunshine S. Sykes<br>Amended Judgment:  May 19, 2025 |

## APPLICATION FOR APPROVAL OF MODIFIED BOND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Pursuant to the Court's Order dated October 28, 2024, Defendant MARA Holdings, Inc. ("Marathon") respectfully requests approval of a modified bond in the amount of $145,000,000 in light of the Corrected and Amended Judgment dated May 19, 2025. *See* ECF Nos. 473, 498.

### I.   Background

On September 18, 2024, this Court entered judgment in favor of Plaintiff Michael Ho in the amount of $138,780,000, plus post-judgment interest. ECF No. 445. Following that judgment, the parties filed a Joint Stipulation regarding posting of a supersedeas bond and staying execution of the judgment. ECF No. 472. Marathon explained that it had obtained a bond in the amount of $173,475,000—an amount equivalent to 1.25 times the judgment amount. *Id.* at 1 & n. 2. The parties stipulated that, subject to the Court's approval and Marathon's posting of the identified bond, the bond would serve as "a bond or other security" under Federal Rule of Civil Procedure 62(b) for purposes of staying execution of the judgment until conclusion of Marathon's appeal to the U.S. Court of Appeals for the Ninth Circuit. *Id.*

On October 28, 2024, this Court granted the parties' Joint Stipulation. ECF No. 473. The Court's order directed Marathon to post bond in the amount of $173,475,000 within three court days. *Id.* ¶ 1; *see* ECF No. 474 (posting Bond No. 800152471 in the amount of $173,475,000). The Court's order stayed enforcement of the judgment "pending the disposition of Marathon's post-trial motions and its appeal to the Ninth Circuit, if any, provided that Marathon complies with this Order." ECF No. 473, ¶ 3. The Court's order further stated: "To the extent that the judgment is altered on disposition of either party's post-trial motions, Marathon shall obtain a modified bond and submit an application for approval of that modified bond that will account for the amended final judgment within ten days of any such

amended final judgment, and proceedings to enforce the judgment shall be stayed during this time period and as the Court directs to allow Marathon to comply with any such modifications." *Id.* ¶ 4.

On May 7, 2025, this Court granted in part and denied in part Marathon's renewed motion for judgment as a matter of law, ordering that the amount of the judgment be reduced by twenty percent. ECF No. 494, at 10. The Court also granted Marathon's motion to correct the judgment, setting the post-judgment interest rate at 4.08%. *Id.* at 11. The Court further granted in part and denied in part Plaintiff's motion for prejudgment interest, denying such interest for the pre-verdict period but awarding such interest for the period between the verdict and the original judgment. *Id.* at 14-15.

Based on those decisions, the Court entered a corrected and amended judgment on May 19, 2025. The corrected and amended judgment reduced Plaintiff's recovery to $112,909,887, plus post-judgment interest at the rate of 4.08% from September 18, 2024, the date of the original judgment. ECF No. 498.[1]

## II. The Court Should Approve Modified Bond

Marathon applies for approval of a modified bond, in accordance with this Court's order of October 28, 2024, which instructed Marathon to file such an application in the event of an amended final judgment. ECF No. 473, ¶ 4. Consistent with that order, Marathon has obtained a modified bond in the amount of $145,000,000, in the form of a rider to the bond that the Court previously approved and that Marathon previously posted. *See* Declaration of Jeffrey Y. Wu, Exhibit 1.

The rider, which was issued on May 28, 2025 and becomes effective upon

---

[1] On May 26, 2025, Marathon's counsel reached out to Plaintiff's counsel about the modified bond and the parties have since conferred in good faith. Plaintiff has not indicated what position he would take with respect to this Application. The parties are concurrently filing a stipulation giving Plaintiff a specific period of time to respond to the Application.

this Court's approval of the instant application, refers specifically to Bond No. 800152471 and modifies it in two ways.  First, whereas Bond No. 800152471 refers to the judgment this Court entered on September 18, 2024, the rider modifies that bond to refer instead to the May 19, 2025 corrected and amended judgment. Second, the rider modifies the amount of the bond to $145,000,000, consistent with the change in the amount of the judgment effected by the May 19 corrected and amended judgment.

The amount of the bond as modified by the rider—$145,000,000—is more than sufficient to "protect[] the prevailing plaintiff from the risk of a later uncollectible judgment and compensate[] him for delay in the entry of the final judgment." *Mendez v. Baca*, 2013 WL 12162127, at *1 (C.D. Cal. Sept. 16, 2013) (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)).[2]  Indeed, it is in excess of the judgment times 1.25—which was used to compute the bond amount that this Court previously approved and is an accepted multiplier in this District. *See* ECF No. 472 at 1 & n. 2 (citing *Allied Premier Ins. v. United Fin. Cas. Co.*, 2020 WL 1277760, at *1 (C.D. Cal. Feb. 27, 2020), for the proposition that "a bond of 1.25 to 1.5 times the judgment is typically required" in the Central District of California, *id.* (quoting *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d

---

[2] Marathon is filing this application now, consistent with this Court's direction that an application for a modified bond be made within ten days of an amended judgment, to ensure that execution of the judgment will remain stayed pending Marathon's forthcoming appeal.  *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.").  However, following the Court's resolution of this application and the posting of a modified bond, Marathon intends to file a motion for further relief pursuant to Rule 62.  This application is made without prejudice to that forthcoming motion.

999, 1029 (N.D. Cal. 2012))).[3]

This application also complies with the Local Rules. The attached Declaration of Jeffrey Y. Wu provides the certificate required by Local Rules 65-5 and 65-6. The declaration also attaches exhibits containing a copy of the modified bond (Exhibit 1), a copy of the Declarations of Surety submitted in support of the modified bond (Exhibit 2), and the Surety's authorized Power of Attorney-in-Fact (Exhibit 3).

Accordingly, the Court should approve the rider, which modifies the existing bond, and continue to stay execution of the judgment until the final conclusion of appellate proceedings. *See* Fed. R. Civ. P. 62(b).

### III. Execution of the Judgment Should Remain Stayed Pending Approval of a Modified Bond

Marathon understands that, while this application is pending, execution of the amended judgment will remain stayed. This Court previously granted a stay of execution in this case pending appeal on approval of a bond in the amount of $173,475,000, which significantly exceeds the amount needed to secure the corrected and amended judgment. *See* ECF No. 473; *see also* Fed. R. Civ. P. 62(a). The parties have agreed that this bond remains in place, and that enforcement of the judgment, as corrected and amended, remains stayed pending approval of a modified bond. To the extent that the Court were to deem an interim stay necessary while the Court considers this application, however, Marathon respectfully requests that the Court stay execution of the judgment pending this Court's resolution of this application and the subsequent posting of the rider that modifies the bond.

### IV. Conclusion

Marathon respectfully requests that this Court grant its application for

---

[3] The amended judgment of $112,909,887 multiplied by 1.25 is equal to $141,137,359.

approval of the bond as modified and enter the proposed order, which would instruct Marathon to post the rider that modifies the bond within three court days of this Court's order.[4]  Marathon also requests that the Court enter any interim stay of execution of judgment that it deems necessary pending such approval and posting.

DATED: May 29, 2025          MUNGER, TOLLES & OLSON LLP


By: */s/ Brad D. Brian*
　　　Brad D. Brian
　　　Elaine J. Goldenberg
　　　Jeffrey Y. Wu

---

[4] The original bond that the rider modifies has already been posted and is already in the possession of the Clerk's Office. *See* ECF No. 474 (notice of posting of bond).